UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA        :    Mag. No. 16- 4025

      v.                              :    Hon. Michael A. Hammer

EDWIN ALAMO, JR.,               :
SAURO D. ESTEVEZ FIGUEREDO,     :
EMMANUEL GONZALEZ,              :
ALBERTO MORA, and               :
PORFIRIO PERALTA-NUNEZ          :

    I, Raymond Morrison, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

    I further state that I am a Special Agent with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

                                    Special Agent Raymond Morrison
                                    U.S. Drug Enforcement
                                    Administration
                                    (Agent Morrison attested to this
                                    Affidavit by telephone pursuant to
                                    Fed. R. Crim. P. 4.1(b)(2)(A))

Sworn to and subscribed via telephone,
This 7th day of February 2016 in New Jersey

HONORABLE MICHAEL A. HAMMER          Signature of Judicial Officer
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Mag. No. 16- 4025 |
| | : | |
| v. | : | Hon. Michael A. Hammer |
| | : | |
| EDWIN ALAMO, JR., | : | |
| SAURO D. ESTEVEZ FIGUEREDO, | : | |
| EMMANUEL GONZALEZ, | : | |
| ALBERTO MORA, and | : | |
| PORFIRIO PERALTA-NUNEZ | : | |

I, Raymond Morrison, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

Special Agent Raymond Morrison
U.S. Drug Enforcement Administration
(Agent Morrison attested to this Affidavit by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A))

Sworn to and subscribed via telephone,
This 7th day of February 2016 in New Jersey

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

**ATTACHMENT A**

**COUNT ONE**

On or about February 5, 2016, in Passaic County, in the District of New Jersey and elsewhere, defendants

EDWIN ALAMO, JR.,
SAURO D. ESTEVEZ FIGUEREDO,
EMMANUEL GONZALEZ,
ALBERTO MORA, and
PORFIRIO PERALTA-NUNEZ

did knowingly and intentionally conspire and agree with each other and with others to distribute and possess with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

**COUNT TWO**

On or about February 5, 2016, in Passaic County, in the District of New Jersey and elsewhere, defendants

SAURO D. ESTEVEZ FIGUEREDO, and
ALBERTO MORA

did knowingly and intentionally conspire and agree with each other and with others to distribute and possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

**ATTACHMENT B**

    I, Raymond Morrison, am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

    1. As part of an ongoing investigation (the "Investigation"), law enforcement learned that members of a drug trafficking organization have been shipping narcotics to New Jersey and elsewhere. Law enforcement agents conducting the Investigation informed law enforcement agents in New Jersey that a shipment of suspected narcotics destined for defendant PORFIRIO PERALTA-NUNEZ ("PERALTA-NUNEZ") was expected to arrive in the New Jersey area on or about February 4, 2016. As a result, law enforcement conducted physical surveillance of PERALTA-NUNEZ.

    2. On or about February 5, 2016, at approximately 3:20 p.m., law enforcement saw PERALTA-NUNEZ enter a store in or around Clifton, New Jersey (the "Clifton Store"). Law enforcement also saw a tractor trailer (the "Tractor Trailer") parked at a nearby intersection. Inside the Tractor Trailer were defendant SAURO D. ESTEVEZ FIGUEREDO ("FIGUEREDO") and defendant ALBERTO MORA ("MORA").

    3. Also on or about February 5, 2016, at approximately 3:30 p.m., law enforcement watched as a Honda Odyssey (the "Odyssey"), driven by defendant EMMANUEL GONZALEZ ("GONZALEZ"), parked near the Tractor Trailer. The passenger of the Odyssey, defendant EDWIN ALAMO, JR. ("ALAMO"), got out of the Odyssey carrying a bag ("ALAMO's Bag"). ALAMO then entered the Tractor Trailer through the passenger side of the cabin. Law enforcement officers watched MORA give ALAMO a suitcase (the "Suitcase"), which ALAMO took and brought back to the Odyssey. The Suitcase appeared to be heavily weighted, as ALAMO struggled to carry it. ALAMO placed the Suitcase in the backseat of the Odyssey and re-entered the Odyssey. The Odyssey then left the area.

    4. Law enforcement followed the Odyssey. GONZALEZ drove erratically, and conducted several maneuvers consistent with an attempt to evade law enforcement. After GONZALEZ committed several traffic violations, law enforcement conducted a traffic stop of the Odyssey. Law enforcement approached ALAMO. Seeing ALAMO's hands near the Suitcase, law enforcement asked, in sum and substance, what was inside the Suitcase. ALAMO responded,

in sum and substance: "You know what it is, it's dope."

5. A lawful search of the Suitcase revealed approximately twenty-two (22) kilograms of suspected heroin, which subsequently field-tested positive for the presence of heroin.

6. The law enforcement agents who seized the 22 kilograms of suspected heroin then alerted other law enforcement agents, who were still watching the Tractor Trailer, that the Suitcase recovered from the Odyssey contained a large amount of suspected heroin.

7. Law enforcement arrested GONZALEZ and ALAMO.

8. Meanwhile, at approximately 4:00 p.m., law enforcement watched as PERALTA-NUNEZ left the Clifton Store and got into the passenger side of a Cadillac (the "Cadillac"). The driver of the Cadillac engaged in counter-surveillance maneuvers consistent with trying to detect the presence of law enforcement, including driving past the Tractor Trailer once before parking in front of it.

9. PERALTA-NUNEZ then got out of the Cadillac carrying two bags that appeared to be empty ("PERALTA-NUNEZ's Bags") and approached the Tractor Trailer. PERALTA-NUNEZ entered the Tractor Trailer through the passenger side of the cabin. Law enforcement watched as FIGUEREDO left the driver's seat of the Tractor Trailer and entered the back of the cabin with PERALTA-NUNEZ. Moments later, PERALTA-NUNEZ left the Tractor Trailer carrying PERALTA-NUNEZ's Bags, which – unlike before – appeared to be heavily weighted.

10. PERALTA-NUNEZ then re-entered the Cadillac, which drove off. Law enforcement conducted a stop of the Cadillac. As law enforcement approached the Cadillac, they saw PERALTA-NUNEZ attempt to hide the contents of PERALTA-NUNEZ's Bags in a "trap" (or hidden compartment) in the Cadillac. Law enforcement opened the door of the Cadillac, and saw at least one package of suspected heroin on PERALTA-NUNEZ's lap. PERALTA-NUNEZ told law enforcement, in sum and substance, that the packages belonged to him.

11. A lawful search of the Cadillac revealed approximately thirteen (13) kilograms of suspected heroin, which subsequently field-tested positive for the presence of heroin.

12. Law enforcement arrested PERALTA-NUNEZ, MORA, and FIGUEREDO.

13. Law enforcement then obtained a search warrant for the Tractor Trailer. A search of the Tractor Trailer revealed two bags (the "Tractor Trailer

Bags") that contained approximately twenty (20) kilograms of suspected narcotics, which subsequently field-tested positive for the presence of cocaine. The Tractor Trailer bags were located in the sleeping area of the Tractor Trailer's cabin, directly behind where MORA and FIGUEREDO had been sitting. Law enforcement also recovered ALAMO's Bag from the Tractor Trailer, which contained money that, based on my training and experience, was packaged in a manner consistent with narcotics proceeds.

14. In total, law enforcement seized approximately 35 kilograms of suspected heroin and 20 kilograms of suspected cocaine as part of the conspiracy:

    a. Approximately 22 kilograms of suspected heroin from the Odyssey occupied by defendants GONZALEZ and ALAMO;

    b. Approximately 13 kilograms of suspected heroin from the Cadillac occupied by defendant PERALTA-NUNEZ; and

    c. Approximately 20 kilograms of suspected cocaine from the Tractor Trailer occupied by defendants MORA and FIGUEREDO.