

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Meredith J. Williams
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 297-2013
Facsimile: (973) 645-3497

MJW / PL AGRMT
2016R00076

July 25, 2016

David Schafer, Esq.
3131 Princeton Pike
Bldg. 3D, Ste. 200
Lawrenceville, New Jersey 08648

RECEIVED
OCT 13 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Re:   <u>Plea Agreement with Alberto Mora</u>

Dear Mr. Schafer:    Cr. 16-472 (PGS)

This letter sets forth the plea agreement between your client, Alberto Mora ("MORA"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on August 12, 2016 if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from MORA to a two-count Information. Count One of the Information charges that MORA knowingly and intentionally conspired with Sauro D. Estevez-Figueredo and others to distribute, and possess with the intent to distribute, one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 400 grams or more of mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide), a Schedule II controlled substance contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), in violation of Title 21, United States Code 846. Count Two of the Information charges that MORA knowingly and intentionally conspired with Sauro D. Estevez-Figueredo and others to distribute, and possess with the intent to distribute, a quantity of a mixture or substance containing a detectable amount of morphine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21,

United States Code 846. If MORA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MORA for conspiring to distribute, and distributing or possessing with intent distribute controlled substances on or about February 5, 2016. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, MORA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by MORA may be commenced against him, notwithstanding the expiration of the limitations period after MORA signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in Count One of the Information to which MORA agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life imprisonment, and carries a statutory maximum fine equal to the greater of: (1) $10,000,000; or (2) twice the gross profits or other proceeds to MORA.

The violation of 21 U.S.C. § 846 charged in Count Two of the Information to which MORA agrees to plead guilty carries a statutory maximum prison sentence of 20 years imprisonment, and carries a statutory maximum fine equal to the greater of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to MORA. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MORA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MORA ultimately will receive.

Further, in addition to imposing any other penalty on MORA, the sentencing judge, with respect to both Count One and Count Two: (1) must order MORA to pay an assessment of $100 (per count) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order MORA to pay restitution pursuant to 18 U.S.C. § 3663, et seq.; (3) must order

forfeiture pursuant to 21 U.S.C. § 853; and (4) may deny MORA certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 21 U.S.C. § 841, the sentencing judge must, with respect to the offense charged in Count One of the Information, require MORA to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should MORA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MORA may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to 21 U.S.C. § 841, the sentencing judge must, with respect to the offense charged in Count Two of the Information, require MORA to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should MORA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MORA may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MORA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MORA's activities and relevant conduct with respect to this case.

### Stipulations

This Office and MORA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may

reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MORA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and MORA waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

MORA agrees that, as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, MORA will forfeit to the United States approximately $82,400 in United States currency that was seized on or about February 5, 2016 (the "Forfeitable Property").

MORA acknowledges that the Forfeitable Property is subject to forfeiture as property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of a controlled substance offense, or as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a controlled substance offense, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

MORA further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. MORA agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the

charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MORA understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Furthermore, MORA waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

MORA understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. MORA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MORA wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. MORA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, MORA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MORA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against MORA.

No provision of this agreement shall preclude MORA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that MORA received ineffective assistance of counsel.

### No Other Promises

This agreement constitutes the plea agreement between MORA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: _____
Meredith J. Williams
Assistant U.S. Attorney

Approved:

_____
Ronnell L. Wilson
Chief, Narcotics /OCDETF

6

    I have received this letter from my attorney, David Schafer, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____            Date: 8/10/16
Alberto Mora

    I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____            Date: 8/10/16
David Schafer, Esq.

<u>Plea Agreement with Alberto MORA</u>

## SCHEDULE A

1. This Office and Alberto Mora ("MORA") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and MORA nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence MORA within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and MORA further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case.

**Count One: Conspiracy to Distribute Heroin, Cocaine, and Fentanyl**

3. The applicable guideline is U.S.S.G. § 2D1.1.

4. The offense involved 23.889 kilograms of heroin, a Schedule I controlled substance, 10.01 kilograms of cocaine, a Schedule II controlled substance, and 10.990 kilograms of fentanyl, a Schedule II controlled substance. Pursuant to Application Note 8(B) of U.S.S.G. § 2D1.1, the amount of heroin, cocaine, and fentanyl shall be converted to their respective marihuana equivalents and combined. 1 gram of heroin is equivalent to 1 kilogram of marihuana. Accordingly, 23.889 kilograms of heroin converts to 23,889 kilograms of marihuana. 1 gram of cocaine is equivalent to 200 grams of marihuana. Accordingly, 10.990 kilograms of cocaine converts to 2,002 kilograms of marihuana. 1 gram of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] Propanamide) is equivalent to 2.5 kilograms of marihuana. Accordingly, 963.1 grams of fentanyl converts to 2,407.75 kilograms of marihuana See U.S.S.G. § 2D1.1, cmt 8(D).

5. The combined marijuana equivalents of the heroin, cocaine, and fentanyl equates to 28,298.75 kilograms of marijuana. Accordingly, the offense charged in Count One of the Information involved at least 10,000 kilograms but less than 30,000 kilograms of marihuana. This results in a Base Offense Level of 34. See U.S.S.G. § 2D1.1 (c)(3).

**Count Two: Conspiracy to Distribute Morphine**

6. The offense involved 963.1 grams of morphine, a Schedule II controlled substance. Pursuant to Application Note 8(B) of U.S.S.G. § 2D1.1, the amount of morphine shall be converted to it marihuana equivalent. 1 gram

8

of morphine is equivalent to 500 grams of marihuana. Accordingly, 963.1 grams of morphine converts to 481.55 kilograms of marihuana. See U.S.S.G. § 2D1.1, cmt 8(D).

   7. The offense charged in Count Two of the Information involved at least 400 kilograms but less than 700 kilograms of marihuana. This results in a Base Offense Level of 26. See U.S.S.G. § 2D1.1 (c)(7).

**Grouping of Multiple Counts**

   8. Pursuant to U.S.S.G. § 3D1.1 and 3D1.2, multiple counts of conspiracy to distribute controlled substances such as those charged in Count One and Count Two of the Information are to be grouped together into a single group. See U.S.S.G. § 3D1.2 (d).

   9. Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the group is the offense level corresponding to the aggregated quantity of the controlled substances. The aggregate quantity of the controlled substances involved in the offenses charged in Count One and Count Two of the Information is the equivalent of 28,780.3 kilograms of marihuana. Accordingly, the offenses charged in Count One and Count Two of the Information involved at least 10,000 kilograms but less than 30,000 kilograms of marihuana. This results in a Base Offense Level of 34. See U.S.S.G. § 2D1.1 (c)(3).

   10. As of the date of this letter, MORA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if MORA acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

   11. As of the date of this letter, MORA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in MORA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) MORA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that MORA's acceptance of responsibility has continued through the date of sentencing and MORA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MORA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to MORA will be 31 (the "agreed total Guidelines offense level").

13. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 31 is reasonable.

14. MORA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 31. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 31. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. None of these provisions, however, shall preclude MORA from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that MORA's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

15. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.